## Wrenshall's Estate.

*Decedent's estate—Wills—Construction of wills—Trusts.*

A bequest of the balance of a fund, derived from the sale of certain shares of stock, to be used in keeping in order lots in a cemetery, paying any debts and funeral expenses, and in caring for an old horse, creates a trust for the purposes before mentioned.

Where the funds so entrusted are of an amount not incommensurate with the purposes of the trust, it cannot be said as a matter of law, that a lesser sum would be sufficient, and that the trust could thus be carried out, leaving a balance undisposed of.

Where the bequest, read in connection with the whole will, clearly establishes the intention to create a trust, it will not be set aside.

Argued May 1, 1919. Appeal, No. 37, April T., 1919, by Charles E. Wrenshall, from the final decree of O. C. Allegheny Co., Sept. T., 1917, No. 260, sustaining exceptions to adjudication in the estate of Mary Wrenshall, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Exceptions to adjudication. Before TRIMBLE, J.
The opinion of the Superior Court states the case.

258, (1919).] Statement of Facts—Opinion of the Court.

The court confirmed the exceptions and modified the decree.

*Error assigned* was the decree of the court.

*F. C. McGirr*, and with him *John P. Egan*, for appellant.—The purposes of the trust were accomplished, and the balance in the hands of the trustees clearly belonged to the next of kin: Sheets's Est., 52 Pa. 257; Wunder's Est., 29 Pa. Co. Ct. 543; Nebinger's Est., 135 Pa. 399; Corr's Est., 202 Pa. 391; Groff's App., 45 Pa. 379.

*C. K. Robinson*, and with him *F. H. Kennedy*, for appellee, cited: Watson v. Martin, 228 Pa. 248; Smith v. Davis, 1 Grant Cases 158; Dickson's Est., 7 D. R. 699; Reimer's Est., 159 Pa. 212; 40 Cyc. 1742; Walter's App., 95 Pa. 305; Etter v. Greenwalt, 98 Pa. 422.

OPINION BY HENDERSON, J., July 17, 1919:

The controversy in this case arises out of a bequest contained in the will of Mary Wrenshall. The form of the bequest is: "I wish 92 shares of the stock sold, from this money I give Mary W. Reese five hundred (500) dollars, Mary Swartzwelder five hundred (500) dollars, Myra Ulma three hundred, 300 dollars. The balance of money to go to my brother W. E. Wrenshall—to be used for keeping in order lots in Melrose Cemetery; paying any debts I may have—also funeral expenses—and in caring for our faithful horse Bob—with the request that he will never be sold."

The stock referred to was shares held by the decedent in the Monongahela Inclined Plane Company. She owned a larger number of shares, which were given in other bequests to certain legatees, among whom was her brother, W. E. Wrenshall. The 92 shares to which the bequest under consideration related were sold by the executor for $5,704. Out of that sum he paid the three legacies mentioned, amounting to $1,300, and paid debts

of the decedent amounting to $1,717.07. After these disbursements $2,686.93 remained in the hands of the executor. At the distribution of the estate this balance was claimed by W. E. Wrenshall and also by the heirs of the testator less $500 deducted by agreement of W. E. Wrenshall and the other heirs for keeping the cemetery lots in order.

The contention of the appellants was that the fund given to the legatee was a trust fund; that the purposes for which the trust was created had been complied with; and that the sum of $2,186.93 was a portion of the estate not disposed of in the will and therefore passed to the heirs under the intestate law, as there was no residuary clause in the will.

It is claimed on behalf of W. E. Wrenshall that the gift was to him personally, charged with the payment of debts, the legacies mentioned, the care of the horse, and the care of the cemetery lots. The learned judge of the orphans' court awarded the fund to W. E. Wrenshall in accordance with the claim of the latter that the gift was a personal gift to him, charged with the payments named in the will.

Careful consideration of the subject leads us to a different conclusion from that reached by the orphans' court. The controlling words of the bequest are: "The balance of money to go to my brother, W. E. Wrenshall to be used for," etc.

These words seem to us to set apart the whole of the fund in question for the uses expressed by the testator. It is not a case of a direct gift of land or chattels to a legatee, out of which he shall pay certain sums to other beneficiaries. The distinction is well established that where a gift is to one with a charge on the thing given to be paid by the devisee or legatee, the title vests as a personal gift in such devisee or legatee, and what is left of the estate so given after the payment of the charge is the personal property of the devisee or legatee. But the language now under consideration is not of that import.

258, (1919).]          Opinion of the Court.

The balance of money referred to is that which remains after the payment of the legacies to the three persons named in the bequests, and that balance is to be used for the purposes indicated by the testator. It is placed in the hands of her brother who was by appointment in the same will made her executor. But we are unable to avoid the conclusion that the amount thus set apart was intended by the testator to be used for the purposes there specified: King v. Dennison, 1 Vesey & Beames 272; Groff's App., 45 Pa. 379; 1 Perry on Trusts, Sec. 152.

By a preceding bequest the testator gave to W. E. Wrenshall $1,000 and 200 shares of stock, and in a subsequent part of the will she also gave to him her interest in the old home furniture consisting of portraits, clock and sideboard in the dining room, and portraits, mirrors and tables in the parlor. She had an understanding of the language necessary to bequeath the property given directly to her brother, and it is not consistent with these other parts of the will to hold that the proceeds of 92 shares of stock not necessary to pay legacies and debts was to be considered a gift to her brother. Reading the clause in question in connection with the whole will, it should be construed to create a trust to carry out the purposes there expressed. In this view of the case the claim of W. E. Wrenshall could not be sustained.

A difficulty in the way of the appellants is that there is no fund for distribution. It is true the litigants appear to have decided that $500 is a sufficient amount to be reserved for care of the Melrose cemetery lots; but they were not empowered to determine what scant attention these lots should receive. The estate of the testator went to collateral heirs. She was at liberty to dispose of it as she pleased for any lawful purposes. It has not been made to appear that the use of the sum remaining in the hands of the executor might not be set apart by her for such care of the lots as it would provide. Persons interested in diminishing the fund to be used for the object named by the testator are not competent to fix the

amount, if that could be done at all. It is very obvious
that the income from the amount set apart, five hundred
dollars, would make slight provision for care at the pres-
ent time. We are not informed how many lots there were
nor what the size of them is, but we may infer that they
are plots of ground owned by the family for burial pur-
poses, and the suitable decoration and care of them would
naturally be a subject in which the testator would be in-
terested, and her direction is the controlling consider-
ation.

It follows that the fund is payable to W. E. Wrenshall
as trustee for the uses declared in the will. The de-
cree is reversed and the record remitted for the purpose
of distribution in accordance with this opinion. Costs
to be paid out of estate.